## S98Y1233. IN THE MATTER OF THERON M. MOORE.

(506 SE2d 867)

PER CURIAM.

The State Bar filed a Notice of Discipline against Respondent Theron M. Moore alleging violations of Standards 4 (professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation); 44 (wilful abandonment or disregard of a legal matter to the client's detriment); 63 (failure to maintain complete records of client); 65 (failure to account for trust property held in a fiduciary capacity); and 68 (failure to respond to disciplinary authorities in accordance with disciplinary rules) of Bar Rule 4-102 (d). Upon Moore's failure to respond to the Notice of Discipline within the time set by Bar Rule 4-208.3 (a), Moore was in default pursuant to Bar Rule 4-208.1 (b) and subject to discipline by this Court. The Investigative Panel has determined that disbarment is the appropriate sanction for Moore's violations of Standards 4, 44, 63, 65 and 68 of Bar Rule 4-102 (d), and the State Bar so recommends.

In the instant case, Moore was retained by a client to handle her divorce. Following entry of the Final Judgment and Decree in August 1996, and pursuant to that order, Moore's client forwarded certain checks which Moore was to forward to her ex-husband for his signature. The proceeds from the checks were to be returned to Moore's client. When the ex-husband refused to endorse the checks unless he received some of the proceeds, his attorney suggested that Moore place the proceeds in Moore's escrow account until the parties could speak to the judge about the dispute. Two weeks later, the ex-husband's attorney withdrew from the case. When Moore's client asked him to return the proceeds, he told her he had been unable to reach the judge to discuss the matter. In fact, Moore never contacted the court about the funds, nor has he delivered the funds to his client or accounted for them. Subsequently, in March 1997, Moore's client notified him that her ex-husband was in violation of the settlement agreement which was part of the final divorce decree. Although Moore informed her he would file a motion for contempt and, on or about April 10, 1997, gave her a copy of a motion for contempt he claimed to have filed on her behalf, his client subsequently discovered in September 1997 that no such motion had been filed in the superior court. Moore has failed to respond to disciplinary authorities during the investigation of this matter and this Court finds no evidence of mitigating circumstances.

We find that disbarment is warranted as a result of Moore's violation of Standards 4, 44, 63, 65 and 68 of Bar Rule 4-102 (d). Accordingly, Moore is disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED OCTOBER 5, 1998.

*William P. Smith III, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar,* for State Bar of Georgia.